Per Curiam.

Appellant Furniture Manufacturers Building, Inc. (“ Building ”) owns a “ furniture exposition mart ” divided into many suites leased to furniture manufacturers for display. Twice a year a furniture exposition is held at which manufacturers display their products. Attendance is limited to dealers. Appellant Van Stee Corporation, a furniture manufacturer, rented a suite on the seventh floor. For the exposition held in September, 1962 Van Stee also had a display on the ninth floor.
Shortly after the show was over Building’s employees moved Van Stee’s displayed material from the ninth floor to its regular seventh floor suite and left the material just inside the entrance. This included a bed frame. It was the practice of Van Stee to permit retail dealers to bring retail customers into its suite to show merchandise. On December 29, 1962 plaintiff Marion Potter was brought by a retail furniture dealer into Van Stee’s suite with its consent to show Van Stee’s products. She fell over the bed frame standing on the floor, under circumstances of location, color and lighting in which a jury could say Van Stee was negligent and Mrs. Potter free from negligence.
Appellant Furniture Manufacturers Building, Inc., as owner of the building, has also been held liable. There is a sharp difference, however, between the responsibility of Van Stee and *272 Building for the accident. Mrs. Potter was in the premises as a business invitee of Van Stee, extended through its retail dealer. In returning the bed frame and other material from the ninth floor to Van Stee’s suite after the exhibition, Building would be justified in believing the material would not be left over a long period of time in position to become a danger to customers in premises which Van Stee controlled and used in its business. The proof suggests the material was moved sometime between-the end of September and November 15. The accident was on December 29. In these circumstances the sole liability should rest on the party having control of the premises where the danger caused injury to its business invitee.
The order should he modified by dismissing the complaint as against appellant Furniture Manufacturers Building, Inc., with costs to such appellant against plaintiff, and otherwise affirmed, with costs to plaintiff against appellant Van Stee Corporation.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Bbeitel, Jasen and Gibson concur.
Ordered accordingly.